M’Girk, C. J.,
delivered the opinion of the Court.
The original proceeding in this case commenced by petition and summons to recover a certain debt. Eenton, the defendant in the Court below, demurred to *165 the summons. The demurrer was overruled, and the plaintiff had judgment. The causes of demurrer are as follows:
First. The summons is variant from the petition as to the form of action.
Second. That the action is petition and summons, and the summons requires the defendant to answer the plaintiff in an action of debt, damages and costs.
Third. The summons is variant from the petition as to the nature of the action.
The form of the petition prescribed by the act of the General Assembly is as follows : A. B., plaintiff, states that he holds a bond or note on the defendant C. D., in substance as follows, (here insert a copy of the bond or note,) yet the said debt remains unpaid. Wherefore he prays judgment for his debt and damages for the detention of the same together with costs. The 3d section of the act says a summons shall be annexed to the petition, requiring the defendant to appear and answer the said demand. This petition pursues the directions of the act as to the form. The summons in the case at bar requires the defendant to appear and answer the plaintiff in a plea of debt, damages and costs. The Legislature have not declared what shall be the form of action of the summons. It is contended by Mr. Givins for the plaintiff in error that the summons should have run thus, to-wit: to answer the plaintiff the said demanded, or the said demand in the petition mentioned. We are of opinion there is no variance between the petition and summons in this case. The demand in the petition is for a debt and also for damages and costs. The demand which the summons requires the defendant to answer to, is a debt, damages and costs. The writ is inartificially expressed, but this cannot do any injury to the defendant. The act of the Legislature .authorizes the plaintiff to sue by this proceeding for a debt, technically so called; also to sue for that thing, which otherwise must be sued for in case of assumpsit. If the thing to be sued for is debt, we see no reason why the writ should not be in debt. If the injury lies in assumpsit, there can he no reason why the writ should not be in assumpsit.
The act does not say in what Rum of action the writ of summons shall be. We therefore conclude that the form best adapted to the nature of the complaint might well be used. It is contended that this proceeding is legally denominated an action of petition and summons. It cannot be material by what name it may be called. It is sufficient for the purposes of justice that the substance of the law has been pursued; which we believe in this case has been done.
The judgment of the Circuit Court is,affirmed with costs.